[No. 19915.   Department Two.   October 25, 1926.]

KENNETH HORTON, *Appellant*, v. EXETER INVESTMENT COMPANY, *Respondent*.[1]

[1] INSURANCE (30)—CONTRACT—REQUISITES—EXECUTORY OR ORAL AGREEMENTS TO INSURE. The evidence fails to show an oral contract to cover an automobile by accident insurance where, in addition to conflicting testimony of the witnesses, it appears that the agent was not authorized to write the insurance until other policies were cancelled, which was not done, nor to issue the insurance without other insurance, for which there was never any agreement entered into.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 19, 1925, dismissing an action for damages for breach of contract, after a trial to the court on the merits. Affirmed.

*Reynolds, Ballinger & Hutson*, for appellant.

*Fred G. Clarke* and *S. H. Steele*, for respondent.

MAIN, J.—By the complaint in this action it is sought to recover damages for the breach of an agreement to cover an automobile owned by the plaintiff with collision insurance. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment dismissing the action, from which the plaintiff appeals.

[1] We see little in the case except questions of fact. The appellant was the owner of an automobile. The respondent was an insurance agent. The Automobile Underwriting Agency was an insurance broker. The Automobile Owners Inter-Insurance Association was an insurance company. W. J. Stephens was a licensed solicitor employed by the respondent and was manager of its insurance department. J. H. Morris

[1]Reported in 250 Pac. 29.

was a solicitor employed by the Automobile Under-writing Agency. Morris, as representative of the appellant, caused the Automobile Owners Inter-Insurance Association to issue a collision policy covering the automobile. Thereafter this policy was cancelled. The check for the unearned premium was made payable to the appellant and delivered to Morris, who then applied to Stephens to write collision insurance upon the appellant's automobile. Stephens informed Morris that in none of the companies represented by the respondent could collision insurance alone be written. Here, as in many other respects, the evidence is sharply conflicting. The appellant and Morris testified that Stephens was informed that other policies on the automobile would be cancelled, such as fire and theft, and they could be written by the respondent along with the collision. This Stephens denies. While the matter was in this uncertain state, the appellant had two accidents. For one, the cost of the repairs was the sum of thirty-one dollars; for the other, $848.43. It is these items which are involved in this action.

The respondent claims that neither the appellant nor Morris at any time furnished it the necessary data upon which to write the policies, nor did he cancel other insurance which was necessary. The trial court found that the data requested

". . . was never furnished by the plaintiff or his solicitor to the said defendant or said W. J. Stephens; and that said automobile was never covered for collision insurance by defendant or said W. J. Stephens by any binder form of insurance, and no premium for said insurance was ever paid by the plaintiff or his solicitor, either to defendant or the said W. J. Stephens, for collision on plaintiff's said car."

On the question of cancellation the trial court found

". . . that said plaintiff, when requested by the said W. J. Stephens, failed to cancel said policies on

said automobile for either fire and theft or liability, and that the said J. H. Morris, who claimed to be acting for plaintiff, wholly failed and neglected to cancel the policies of insurance on plaintiff's said automobile for either fire and theft or liability, and that plaintiff's said automobile during all the time between the application of plaintiff to the said W. J. Stephens for collision insurance on said car and the 1st day of January, 1925, was not insurable for that purpose in any company represented by the defendant.''

These findings are vigorously attacked as not being sustained by the evidence. But after an attentive consideration of all the evidence we are not disposed to disturb them.

Aside from this, out of the wealth of conflicting testimony there appear two distinct facts. One is that the respondent could not write collision insurance without writing other forms of insurance. The other is that there was, so far as we have been able to ascertain, no agreement between the parties as to the amount of fire and theft or liability that should be written in the event that the appellant cancelled his then policies. It would seem that this was a necessary term of the agreement, without which the appellant in no event could have been informed as to the amount of insurance to write.

It would serve no useful purpose to review in detail, and set off one against the other, the conflicting testimony of the witnesses. Even though there was talk between the parties as to cancellation, the evidence fails to show that it reached that degree of certainty necessary to make a contract for which damages would arise from its breach.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.